IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET BOBB, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-03129 |
| FINEPOINTS PRIVATE DUTY HEALTHCARE, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In this action under the Fair Labor Standards Act ("FLSA") and Maryland wage and hour laws, Plaintiffs allege that Defendants misclassified them as independent contractors and denied them overtime wages and other compensation they were due. (ECF No. 1.) In March 2024, the Court conditionally certified this case as a collective action under the FLSA. (ECF Nos. 24, 25.) The Court directed Defendants to provide Plaintiffs with contact information for certain current and former home care aides who work or worked for Defendant FinePoints Private Duty Healthcare, LLC ("FinePoints"), so that Plaintiffs could inform those individuals of their right to opt into this litigation. (*Id.*)

Plaintiffs contend that Defendants have failed to fully produce the Court-ordered information and have filed the instant Motion to Compel, which asks the Court to order Defendants to produce the information and, in the alternative, requests authorization to publicize notice of this lawsuit in the newspaper at Defendants' expense.[1] (ECF No. 50.) Plaintiffs also request that

---

[1] On July 10, 2024, the Court denied an earlier version of this Motion without prejudice for failure to comply with the Local Rules regarding motions to compel and for failure to attach a proposed order. (ECF No. 46.) The instant Motion resolves these deficiencies (1) by providing a certificate pursuant to Local Rule 104.7 that the parties conferred in

certain deadlines in the case be extended to account for the delays associated with the instant discovery dispute. The Motion will be substantially granted, but the Court will hold in abeyance the question of whether the publication should be at Defendants' expense.

**I.    Legal Standard**

Under the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(A)(3)(B). A party may discover any nonprivileged information that is relevant to any party's claim or defense, but "all permissible discovery must be measured against the yardstick of proportionality." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 434 (D. Md. 2012) (quotation omitted). The considerations for proportionality include the importance of the issues at stake, the amount in controversy, the relative access of the parties to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(1).

**II.    Discussion**

**A.  *Request for Missing Prospective Plaintiff List Contact Information***

In the Court's March 27, 2024 Order granting conditional certification, the Court directed Defendants "to produce to Plaintiff's Counsel a computer-readable list containing the full name, last known residential address, last known email address, last known cellular phone number, dates of employment and location of employment of each individual who is a member of the collective (the 'Prospective Plaintiff List')." (ECF No. 25 at 1.) Defendants were given 15 days from March 27 to make this production. (*Id.*)

---

good faith in an attempt to resolve this issue prior to the filing of the Motion (ECF No. 50-1); and (2) by attaching a proposed order (ECF No. 50-6).

Plaintiffs contend that, notwithstanding the March 27 Order, Defendants have failed to produce the full contact information for individuals on the Prospective Plaintiff List. In particular, Plaintiffs state that, of the 77 potential plaintiffs they have identified, Defendants have failed to produce any contact information for 14 potential plaintiffs, and have provided inadequate contact information for another 38 of them. (ECF No. 50 at 5–6.)

Plaintiffs argue that all the potential plaintiffs are or were employees of FinePoints and that, accordingly, FinePoints was obligated under both federal and state law to maintain contact information for them. (ECF No. 50 at 7–8 (citing 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a); Md. Code Ann., Lab. & Empl. § 3-424; and Md. Code Regs. 10.07.05.10(C)).) Moreover, Plaintiffs argue that, even if FinePoints itself no longer has this contact information, Defendants can obtain this information from FinePoints' third-party payroll processor. (*Id.* at 7.) After the parties held their conference pursuant to Local Rule 104.7 on July 19, 2024, counsel for Defendants agreed to contact FinePoints' payroll processor to obtain contact information about the Prospective Plaintiffs, but failed to do so in advance of the deadline the Court set for the filing of this Motion. (ECF No. 50-1 at 2–3.) Defendants' response does not provide any explanation as to why they have not provided this information. (ECF No. 40.)

Under Rule 34, a party is entitled to documents, within the scope of Rule 26(b), that are in an opposing party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (quotation omitted). Here, Defendants contend (rightly) that "they cannot produce what they do not have," but do not deny that they could request the information from their payroll processor, or otherwise explain why they have not done so. (*See*

3

ECF No. 40 at 1–2.) The contact information for the prospective plaintiffs is plainly relevant and proportional to the needs of the case and, moreover, the Court has already expressly ordered Defendants to produce the information. Accordingly, Defendants will, again, be directed to produce the missing contact information.

### B. *Alternative Notice Plan*

Plaintiffs request that, if Defendants fail to provide the contact information discussed above, in the alternative they be authorized to publicize notice of this action by placing an advertisement in the online version of the *Baltimore Sun*. (ECF No. 50 at 9.) The proposed advertisement would state: "If you worked as a home care aide for FinePoints Private Duty Healthcare, LLC between February 7, 2021, and the present, you may be entitled to travel time wages and/or overtime wages." (ECF No. 50 at 9.)

As the Court has previously stated, "[i]n FLSA collective actions, district courts have the responsibility to supervise contacts between potential plaintiffs and counsel 'to ensure that employees receive accurate and timely notice so that they can make informed decisions about whether or not to participate.'" (ECF No. 24 at 9 (quoting *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 144 (4th Cir. 2018).) Courts routinely approve FLSA plaintiffs' use of online media to facilitate notice of a collective action. *See, e.g., McCoy v. Transdev Servs., Inc.*, Civ. No. DKC-19-2137, 2020 WL 2319117, at *8 (D. Md. May 11, 2020). And although some courts have expressed reservations about the risk of unfair reputational harm to defendants posed by court-approved general advertisements (as opposed to private, targeted communications), *see id.*, courts in this Circuit and elsewhere have authorized notice by general advertisement when contact information for prospective plaintiffs is unavailable, *see Parker v. K&L Ent., Inc.*, Civ. No. 5:20-217-BO, 2020 WL 7491077, at *3 (E.D.N.C. Dec. 21, 2020) (in an FLSA collective action,

approving notice by "local publication, radio advertisement, Facebook advertisement, or television commercial" when defendants claimed that they "d[id] not possess the [former employee contact] records that plaintiffs seek"); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, Civ. No. CCB-07-455, 2008 WL 554114, at *1 (D. Md. Feb. 26, 2008) (approving FLSA collective action notice plan involving advertisements in local newspapers and radio stations); *see also Pacheco v. Aldeeb*, Civ. No. 5:14-121-DAE, 2015 WL 1509570, at *9 (W.D. Tex. Mar. 31, 2015) (observing that "[c]ourts . . . have even approved notice through publication in newspaper and radio advertisements over objections that such publication could cause reputational harm").

Here, the Court finds that Plaintiffs' proposed newspaper advertisement is an appropriate way to facilitate notice to potential collective action members, and the notice plan will be approved. The Court finds Plaintiffs' request to publicize this action to be reasonable particularly given Defendants' unexplained failure to provide the information requested by Plaintiffs. However, the Court will hold in abeyance Plaintiffs' request that Defendants be ordered to bear the cost of the advertisement. Defendants contend that FinePoints home care aides are "independent contractors" rather than employees, and that as a result FinePoints had no obligation to retain employee records. (ECF No. 40 at 1.) At this early stage in the case and on the limited record before it, the Court cannot determine the employment status of the FinePoints home care aides. If Defendants' position is correct, then it may not be fair to force them to pay for the cost of the advertisement.[2] Thus, the Court will authorize the proposed advertisement, but Plaintiffs

---

[2] Plaintiffs argue that even if the FinePoints home care aides are independent contractors, FinePoints was nevertheless required by applicable state regulations to maintain records of them. (*See* ECF No. 37 at 6 (citing Md. Code Regs 10.07.05.10).) Plaintiffs' position is not without merit; however, the regulation to which they cite does not appear to expressly require that employers maintain the specific categories of contact information that Plaintiffs seek, and, moreover, the regulation does not specify how long employers must retain this information. Furthermore, there appears to be no caselaw or other authority interpreting this regulation, and the parties have not fully briefed the issue. For these reasons, the Court will decline to impose the costs of the advertisement on the basis of this regulation alone at this time.

must bear the initial expense. Plaintiffs may renew their request for Defendants to bear the cost of the advertisement at a later stage of the litigation, and with citation to authority.

### III.   Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Compel (ECF No. 50) in all respects except to the extent that it asks that Defendants be ordered to reimburse Plaintiffs for the cost of advertising. The Court will also extend deadlines in this case to account for the delays associated with the instant discovery dispute. A separate order will issue.

DATED this 30 day of July, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge