IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET BOBB, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-03129 |
| FINEPOINTS PRIVATE DUTY HEALTHCARE, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending in this collective action under federal and state wage-and-hour laws is Plaintiffs' Motion to Compel Discovery. (ECF No. 70.) The parties fully briefed the Motion by serving their papers on each other and conferring before Plaintiffs filed the entire set of briefs and related documents on the Court's docket, in accordance with District of Maryland Local Rules 104.7 and 104.8.[1] (*See* ECF No. 70-5.) The Motion is thus ripe for resolution, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the Motion will be granted in substantial part, with some differences between the Court's Order and Plaintiffs' proposed order, as noted in detail below.

I.  **Background**

Plaintiffs request an order compelling Defendants to make the following categories of production (*see* ECF No. 70-7):

A. Bates-stamped documents of all previously produced documents;

B. Legible and/or complete versions of previously produced documents that were either

---

[1] The Court construes Defendants' "Explanatory Note Relating to Response to Request for Production of Documents" (ECF No. 70-3) as Defendants' Response in opposition to the Motion to Compel.

illegible or blank; and

C. Documents responsive to the following Requests for Production ("RFPs"):

    a. RFP 2:

    All of Plaintiffs' employment or work records, in paper or electronic form (in native format if the form is electronic), including Plaintiffs' personnel files, time or attendance records, pay records, paystubs, W-2s or 1099s, training records, records concerning work performed, disciplinary records, job applications, employment contracts, independent contractor agreements and any records associated with any Plaintiffs' termination.

    (ECF No. 70-2 at 9.)

    b. RFP 9:

    All documents concerning the rules, regulations, terms, policies and conditions of work for FinePoints that have applied to Plaintiffs, including all manuals, guidelines, handbooks and disciplinary or corrective action policies and any policies or directions given to Plaintiffs or other home care aides who performed work for FinePoints.

    (*Id.* at 9–10.)

    c. RFP 11:

    All documents concerning FinePoints's organizational structure, including organizational charts and the responsibilities and duties of each category of job association with FinePoints.

    (*Id.* at 10.)

    d. RFP 15:

    All documents concerning Plaintiffs' classification as independent contractors and not employees, including any exceptions to the classification of Plaintiffs and collective members as independent contractors, any review of the classification decision, the basis or bases for classifying Plaintiffs and collective members as independent contractors and not employees and communications between Defendants and their customers, or between Defendants and any government entity, regarding the classification of home care aides as independent contractors.

    (*Id.*)

    e. RFP 18:

    All communications between an employee, agent or representative of FinePoints and either Medical Assistance or the Veterans' Administration concerning the determination of need for services, as described in paragraph 26 of Defendants' Answer to Plaintiffs' Complaint.

    (*Id.*)

    f. RFP 19:

    All documents regarding the job duties of home care aides, as described in paragraphs 27, 28 and 31 of Defendants' Answer to Plaintiffs' Complaint.

    (*Id.* at 11.)

    g. RFP 23:

    All documents concerning Defendants' policies and practices regarding storage and retention of documents.

    (*Id.*)

Furthermore, Plaintiffs request that if Defendants fail to produce documents responsive to the RFPs in Category C, the Court order Defendants to submit an affidavit explaining Defendants' attempts to respond to the Requests. (ECF No. 70-7.)

## II. Legal Standard

Under the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A party may discover any nonprivileged information that is relevant to any party's claim or defense, but "all permissible discovery must be measured against the yardstick of proportionality." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 434 (D. Md. 2012) (quotation omitted). The considerations for proportionality include the importance of the issues at stake, the amount in controversy, the relative access of the parties to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of

3

discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(1).

"Generally, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005).

### III. Analysis

#### A. *Production of Bates-Stamped Documents*

The Court turns first to Plaintiffs' request that Defendants provide Bates-stamped versions of all previous documents. This request is proper under Federal Rule of Civil Procedure 34(b)(1)(C), which permits a party to "specify the form or forms in which electronically stored information [("ESI")] is to be produced."

A Bates number is a "[s]equential numbering system used to mark and identify individual pages of documents." Thomas Z. Wynan, Annotation, *Construction and Application of Fed. R. Civ. P. 34(b)(2)(E), Governing Production of Electronically Stored Information (ESI)*, 14 A.L.R. Fed. 3d Art. 1 (2016). When a production has been Bates-stamped, "[e]ach page, or each file, is assigned a unique Bates Number." *Id.* Bates numbering is standard practice in modern litigation and in this District, *see, e.g., Nat'l Prod. Sols., LLC v. Vitaquest Int'l, LLC*, Civ. No. CCB-13-436, 2013 WL 12423428, at *5 (D. Md. Dec. 20, 2013) (directing a plaintiff to designate document productions by Bates number), and this District has issued a voluntary set of guidelines for managing the discovery of ESI which encourages the use of Bates numbering, *see Principles for the Discovery of Electronically Stored Information in Civil Cases* app. 2.1, 2.2 (D. Md.) (the "ESI Principles").[2]

In their Response, Defendants do not object to the use of Bates numbering, but simply

---

[2] The ESI Principles are available at https://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf.

4

assert that "[t]he Plaintiff asked that documents be Bates stamped. This was done and Bates stamped copies sent August 18, 2024." (ECF No. 70-3 at 2.) However, as Plaintiffs explain in their Reply, Defendants did not employ standard Bates numbering, which requires the use of a unique, sequential alphanumeric designation for each page. (*See* ECF No. 70-4 at 4.) Because Bates numbering will aid the parties in facilitating discovery and preparing the record for this case—and because Defendants have provided no reason for why Bates numbering is inappropriate—the Court will grant Plaintiffs' Motion to Compel with respect to the Bates numbering. Defendants will be directed to employ the Bates numbering system set out in Appendix 2.2 of the ESI Principles, unless the parties agree on some other numbering method.

### B. *Production of Illegible or Incomplete Documents*

The Court next considers Plaintiffs' contention that certain categories of documents were either illegible or blank. In particular, Plaintiffs identify three files, one of which is allegedly illegible, and the other two of which are blank. (ECF No. 70-2 at 14.) Under Rule 34(b)(2)(E), unless the request specifies otherwise, a party responding to a discovery request must "produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]"

Defendants do not address Plaintiffs' contention at all in their Response. (*See generally* ECF No. 70-3.) Thus, they do not deny that the information Plaintiffs seek is relevant and proportional, nor do they deny that the information is currently not in a useable form. Because Plaintiffs are entitled to readable forms of information produced during discovery, the Motion to Compel will be granted with respect to this category.

### C. *Plaintiffs' Request for Production*

Finally, the Court turns to the seven categories of RFPs to which Plaintiffs argue Defendants have failed to adequately respond.

There is no question that the information Plaintiffs seek in their RFPs is relevant. "The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010); *see also United Oil Co.*, 227 F.R.D. at 409 ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes."). Plaintiffs allege that Defendants violated their rights under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state wage-and-hour laws. (*See generally* ECF No. 1.) The information Plaintiffs seek in the RFPs at issue is plainly relevant under the broad scope of discovery, given that the information relates to topics such as the employment status of the Plaintiffs and the conditions of their employment. Defendants do not dispute that the information sought is relevant.

Turning to the proportionality prong, the requests do not appear to be overbroad or excessively burdensome, and Defendants do not argue otherwise. Defendants instead contend that documents responsive to RFPs 2, 9, 11, and 19 "were not in the possession of the Defendants" and that "[i]f and as they come into the possession of the Defendants they will provided." (ECF No. 70-2.) As for RFPs 15, 18, and 23, Defendants assert that "the documents might not exist." (*Id.*)

As the Court has previously stated, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." (ECF No. 57 at 3 (quoting *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009).) Counsel is required to "make 'a reasonable effort to assure that the client has provided all the information and documents responsive to the discovery demand.'" *Poole ex rel. Elliott v. Textron*, 192 F.R.D. 494, 503 (D. Md. 2000) (quoting Advisory Committee Notes to 1983 Amendments to Fed. R. Civ. P. 26(g)).

Here, Defendants have failed to show that they made reasonable efforts to obtain the requested categories of documents. Defendants provide nothing beyond the bare assertion that the documents "might not exist" or "were not in [their] possession," but do not explain what steps—if any—they have taken to obtain requested documents. Of course, the Court does not require the Defendants to produce documents that do not exist or that they have no practical ability to access. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain."). But the cursory objection that some documents "might not exist" or "were not in [their] possession," is, without more, a wholly inadequate response. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 364 (D. Md. 2012) (objections to discovery requests "must be specific, non-boilerplate and supported by particularized facts where necessary to demonstrate the basis for the objection" (quotation omitted)). Defendants must produce all relevant and proportional documents, or show that they were unable to make such production after undertaking reasonable efforts. They have not come remotely close to meeting this requirement. Accordingly, the Motion to Compel will be granted with respect to Plaintiffs' RFPs.

## IV.   Conclusion

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion to Compel (ECF No. 70) is GRANTED, subject to the terms set forth below:

1. Defendants SHALL PRODUCE Bates-stamped documents, numbered in accordance with Appendix 2.2 of the ESI Principles (unless the parties agree otherwise), of all previously produced documents within 21 days of the date of this Order;

2. Defendants SHALL PRODUCE documents that were previously produced as illegible PDFs and blank excel files—to the extent such documents are under Defendants' control

after expending all reasonable efforts to obtain them—within 21 days of the date of this Order;

3. Defendants SHALL PRODUCE documents responsive to Plaintiffs' Requests Nos. 2, 9, 11, 15, 18, 19, and 23— to the extent such documents are under Defendants' control after expending all reasonable efforts to obtain them—within 21 days of the date of this Order; and

4. If Defendants fail to produce documents fully responsive to Plaintiffs' Requests Nos. 2, 9, 11, 15, 18, 19, and 23, Defendants SHALL SUBMIT, within 21 days of the date of this Order, an affidavit to the Court, stating the following:

    a. The names of FinePoints staff members who searched for responsive documents;

    b. The sources those people searched for documents;

    c. When searches for documents took place;

    d. Whether any FinePoints staff member attempted to contact payroll companies Heartland and Wellsky (formerly ClearCare) to obtain documents; and

    e. Whether Defendants provided all responsive documents to their attorney.

DATED this 27 day of September, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge